UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No.: 16-62497-JAL

ELLIETTE DEL SOCORRO ZELEDON,
And all others similarly situated under
29 U.S.C. 216(b)

      Plaintiff,
v.

STARBROS, LLC d/b/a STARBROS
CLEANERS, LLC d/b/a ECOSTAR
CLEANERS f/k/a AMERICA'S DRY
CLEANING, NUDU & ASSOCIATEES, INC
d/b/a AMERICA'S DRY CLEANING,
RICARDO A. FERREIRA DE SOUSA
and JAMILET D. NUNEZ

      Defendants.
_____/

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendants, STARBROS, LLC d/b/a STARBROS CLEANERS, LLC d/b/a ECOSTAR CLEANERS, LLC f/k/a AMERICA'S DRY CLEANING (hereafter "STARBROS" or "Defendant"), NUDU & ASSOCIATES, INC d/b/a AMERICA'S DRY CLEANING (hereafter "NUDU" or "Defendant"), RICARDO FERREIRA DE SOUZA (hereafter "RICARDO FERREIRA" or "Defendant") and JAMILET DE. NUNEZ (hereafter "JAMILET NUNEZ" or "Defendant"), by and through the undersigned counsel, hereby file and serve Defendants' Answer and Affirmative Defenses to Plaintiff's Complaint and states the following in support thereof:

    1.    This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216..

Response:   Defendants admit that Plaintiff seeks to state a cause of action but denies any and all liability.

2. *The Plaintiff was a resident of Broward County, Florida at the time that this dispute arose.*

Response:   Without sufficient knowledge and therefore denied.

3. *The Defendant STARBROS, LLC d/b/a STARBROS CLEANERS, LLC d/b/a ECOSTAR CLEANERS f/k/a AMERICA'S DRY CLEANING is a corporation that regularly transacts business within Broward County. Upon information and belief, the Defendant Corporation was the FLSA employer for Plaintiff's respective period of employment ("the relevant time period").*

Response:   Defendant Starbros admits it is a corporation that transacted business in Broward County, Florida.  All other allegations of ¶ 3 are denied.

4. *The Defendant NUDU & ASSOCIATES, INC d/b/a AMERICA'S DRY CLEANING is a corporation that regularly transacts business within Broward County. Upon information and belief, the Defendant Corporation was the FLSA employer for Plaintiff's respective period of employment ("the relevant time period").*

Response:   Defendant Nudu admits it is a corporation that transacted business in Broward County, Florida.

5. *The individual Defendant RICARDO A FERREIRA DE SOUSA is a corporate officer and/or owner and/or manager of the Defendant Corporations who ran the day-to-day operations of the Corporate Defendant for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule and was therefore Plaintiff's employer as defined by 29 U.S.C. 203 (d).*

Response:   Denied.

6. *The individual Defendant JAMILET D NUNEZ is a corporate officer and/or owner and/or manager of the Defendant Corporations who ran the day-to-day operations of the Corporate Defendant for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule and was therefore Plaintiff's employer as defined by 29 U.S.C. 203 (d).*

Response:     Denied.

7.     All acts or omissions giving rise to this dispute took place in Broward County.

Response:     Without sufficient information and therefore denied.

### COUNT I. FEDERAL OVERTIME WAGE VIOLATION

8.     This action arises under the laws of the United States. This case is brought as a collective action under 29 USC 216(b). It is believed that the Defendants have employed several other similarly situated employees like Plaintiff who have not been paid overtime and/or minimum wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years.

Response:     Denied.

9.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

Response:     Admitted for jurisdictional purposes only.

10.     29 U.S.C. § 207 (a) (1) states, "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

Response:     Admitted.

11.     Plaintiff ELLIETTE DEL SOCORRO ZELEDON worked for Defendants as a dry cleaner from on or about October 15, 2013 through October 20, 2016.

Response:     Denied.

   *12.     Defendant's business activities involve those to which the Fair Labor Standards Act applies. Both the Defendant's business and the Plaintiff's work for the Defendants affected interstate commerce for the relevant time period. Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to him by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. The Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants.*

   Response:     Denied.

   *13.     Additionally, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.*

   Response:     Denied.

   *14.     Upon information and belief, the Defendant Corporation had gross sales or business done in excess of $500,000 annually for the years 2012, 2013, 2014, and 2015.*

   Response:     Denied.

   *15.     Upon information and belief, the Defendant Corporation's gross sales or business done exceeded $125,000 for the first three months of the year 2016 and is expected to exceed $500,000 for the year 2016.*

   Response:     Denied.

   *16.     Individual Defendant RICARDO A FERREIRA DE SOUSA was Plaintiff's individual employer pursuant to 29 U.S.C. §203(d) as set forth above for a period of time.*

   Response:     Denied.

   *17.     Individual Defendant JAMILET D NUNEZ was Plaintiff's individual employer pursuant to 29 U.S.C. §203(d) as set forth above for a separate period of time than Defendant RICARDO A FERREIRA DE SOUSA.*

4

Response: Denied.

18. Between the period of on or about August 5, 2014, through August 20, 2016, Plaintiff ELLIETTE DEL SOCORRO ZELEDON worked an average of 60 hours a week for Defendants and was paid an average of $10.00 per hour but was never paid the extra half time rate for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the halftime overtime rate for each hour worked above 40 in a week using the applicable wage as the basis to calculate the overtime due and owing to Plaintiff.

Response: Denied.

19. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

Response: Denied.

Wherefore, the Plaintiff requests double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. The Plaintiff requests a trial by jury.

Response: Denied.

## **AFFIRMATIVE DEFENSES**

1. Some or all of the claims asserted in the Complaint are barred by the applicable statute of limitations.

2. The Complaint is barred, in whole or in part, with respect to all times during which Plaintiff was engaged in activities which were preliminary or postliminary to his principal activities.

3. The Complaint is barred, in whole or in part, with respect to all times during which Plaintiff was waiting to be engaged.

4. The Complaint is barred, in whole or in part, because all actions and/or omissions complained of were taken in good faith based on reasonable grounds for believing such actions and/or omissions were not a violation of the FLSA and/or other applicable law including the Florida Constitution.

5. The Complaint is barred, in whole or in part, because some or all of the time for which compensation is sought by Plaintiff is *de minimis*, and therefore is not compensable.

6. Plaintiff may not recover liquidated damages and prejudgment interest because such relief would amount to a "double recovery."

7. Plaintiff is not entitled to any relief with regard to any bona- fide sleep, break or meal period(s).

Respectfully submitted,

/s Gary A. Costales
Gary A. Costales
Florida Bar No. 0948829
Law Offices of Gary A. Costales, P.A.
1200 Brickell Avenue, Suite 1440
Miami, Florida 33131
 (305) 375-9510
 (305) 375-9511(facsimile)
costalesgary@hotmail.com

**CERTIFICATE OF SERVICE**

**I hereby certify** that on February 24, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being

served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                /s Gary A. Costales

### SERVICE LIST

**ELLIETTE DEL SOCORRO ZELEDON V. STABROS CLEANERS, LLC D/B/A ECOSTAR CLEANERS**
**CASE NO.:16-24684-DPG**
**United States District Court, Southern District of Florida**

| | |
|---|---|
| J.H. Zidell, Esq. | Gary A. Costales, Esq. |
| E-mail: zabogado@aol.com | Email:costalesgary@hotmail.com |
| | |
| J.H. Zidell, P.A. | Gary A. Costales, P.A. |
| 300 71 Street, Suite 605 | 1200 Brickell Ave. Suite 1440 |
| Miami Beach, FL 33141 | Miami, Florida 33131 |
| Telephone: (305) 865-6766 | Telephone: (305) 375-9510 Ext. 314 |
| Facsimile: (305) 865-7167 | Facsimile: (305) 375-9511 |
| Attorney for Plaintiff | Attorney for Defendants |
| Notice of Electronic Filing | Notice of Electronic Filing |