UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 16-62497-CIV-LENARD/GOODMAN

**ELLIETTE DEL SOCORRO ZELEDON,**
and all others similarly situated under
29 U.S.C. 216(b),

    Plaintiff,
vs.

**STARBROS, LLC d/b/a STARBROS CLEANERS, et al.,**

    Defendants.
_____/

ORDER ADOPTING JOINT SCHEDULING REPORT,
SETTING PRETRIAL CONFERENCE AND TRIAL,
ESTABLISHING PRETRIAL DEADLINES, AND
ESTABLISHING PRETRIAL AND TRIAL PROCEDURES

**THIS CAUSE** is before the Court on the Parties' Joint Scheduling Report. Having reviewed the Report and the record in light of the Court's civil trial schedule, it is **ORDERED AND ADJUDGED** that:

<u>Pretrial Conference and Trial</u>

**Trial** is set for the two-week calendar commencing **September 4, 2018 at 9:00 a.m.** Unless otherwise notified by the Court, the trial day begins at 9:00 a.m. and ends at 5:00 p.m. Tuesday through Friday.

Counsel for all parties shall appear at a **Calendar Call** on **August 29, 2018 at 4:00 p.m.** After Calendar Call, all cases will remain on the trial calendar until tried or until counsel receives further notice from the Court.

Pursuant to Federal Rule of Civil Procedure 16(a) and Local Rule 16.1(c), the **Pretrial**

Case No. 16-62497-CIV-LENARD/GOODMAN

**Conference** is set for **August 13, 2018 at 2:45 p.m.** Unless instructed otherwise by subsequent order, the Pretrial Conference, the Trial, and all other proceedings shall be conducted at 400 North Miami Avenue, Courtroom 12-1, Miami, Florida 33128. Each Party shall be represented at the Pretrial Conference and at the meeting required by Local Rule 16.1(d) by the attorney who will conduct the Trial, except for good cause shown.

### Pretrial Deadlines

The Court hereby establishes the following pretrial deadlines, which, pursuant to Federal Rule of Civil Procedure 16(b), shall not be modified except upon a showing of good cause and by leave of Court:

| | | |
|---|---|---|
| By: | August 22, 2017 | Joinder of parties and amendment of pleadings. |
| By: | October 20, 2017 | The Parties shall furnish opposing counsel with a written list containing the names and addresses of all fact witnesses intended to be called at trial. Only those witnesses listed shall be permitted to testify. |
| By: | March 16, 2018 | All fact discovery must be completed. The Parties are under a continuing obligation to supplement discovery responses within ten (10) days of receipt or other notice of new or revised information. |
| By: | October 20, 2017 | Plaintiff/s must furnish an expert witness list to Defendant/s, along with the reports or summaries required by Rule 26(a)(2) of the Federal Rules of Civil Procedure. Only those expert witnesses shall be permitted to testify. Within the fourteen-day period thereafter, Plaintiff/s shall make its experts available for deposition by Defendant/s. |
| By: | October 20, 2017 | Defendant/s must furnish an expert witness list to Plaintiff/s along with the reports or summaries required by Rule 26(a)(2) of the Federal Rules of Civil Procedure. Only those expert witnesses shall be permitted to testify. Within the fourteen-day period thereafter, |

Case No. 16-62497-CIV-LENARD/GOODMAN

Defendant/s shall make its experts available for deposition by Plaintiff/s.

| | | |
|---|---|---|
| By: | March 16, 2018 | All expert discovery must be completed. |
| By: | April 27, 2018 | All dispositive pretrial motions and memoranda of law must be filed, as well as any motions to exclude or limit proposed expert testimony. |
| By: | October 13, 2017 | Mediation shall be completed. |
| By: | July 2, 2018 | The Parties shall file their motions in limine.  Each party is limited to filing one motion in limine.  Evidentiary issues must be delineated by Roman numerals.  If all evidentiary issues cannot be addressed in a single twenty-page memorandum, a party may file a motion for leave to file an additional motion in limine. |
| By: | July 16, 2018 | The Joint Pretrial Stipulation shall be filed. |

**Rule 16.1(d) Meeting**

In accordance with Local Rule 16.1(d), lead counsel shall meet no later than fourteen (14) days before the date of the Pretrial Conference.  At this meeting, counsel shall discuss settlement; prepare the Joint Pretrial Stipulation (see detailed instructions, infra), if not already due; finalize Joint Proposed Jury Instructions and Verdict Form (see detailed instructions, infra); prepare the Master Exhibit Notebook (see detailed instructions, infra); work to simplify the issues and stipulate to as many facts and issues as possible; review trial exhibits; and exchange any additional information as may expedite the presentation of evidence at trial.

**Deposition Designations**

Any party intending to use deposition testimony as substantive evidence must designate by line and page reference those portions in writing.  The designations must be served on opposing counsel and filed with the Court fourteen (14) days before the deadline to file the joint pretrial

Case No. 16-62497-CIV-LENARD/GOODMAN

stipulation. The adverse party must serve and file any objections and any cross-designations within seven days. The initial party shall then have seven days to serve and file objections to the cross designations. Within seven (7) days of receiving cross-objections, the parties shall provide to the Court annotated copies of the relevant depositions. The annotated copies shall show to which lines each party objects and identify the legal basis for those objections in the margins of the deposition.

## **Joint Pretrial Stipulation**

The Joint Pretrial Stipulation shall be filed jointly. Should any Party refuse to cooperate in the preparation of the Joint Pretrial Stipulation, all other Parties shall file a certification describing the conduct of the non-cooperating Party. Upon receipt of the certification, the Court shall issue an order requiring the non-cooperating Party to show cause why it and its counsel should not be held in contempt or why sanctions should not be imposed. Unilateral submissions, unaccompanied by the required certification, shall be stricken from the record.

In addition to and including the requirements of Local Rule 16.1(e), the Joint Pretrial Stipulation shall include the following information:

1. A concise statement of the case prepared by each Party in the action.

2. A statement of the basis for federal subject matter jurisdiction.

3. A list of all pleadings raising the issues.

4. A list of all pending motions.

5. A joint statement of stipulated facts which will require no proof at trial.

    a. Counsel are informed that the preparation of this joint statement is **not** a pro forma requirement, as this statement will allow the Parties to eliminate unnecessary testimony on undisputed facts and thus ensure greater efficiency in the presentation of evidence.

Case No. 16-62497-CIV-LENARD/GOODMAN

    b.    Counsel are expected to review all admissions contained in the pleadings and in other discovery in order to identify all uncontested facts in the case.

    c.    The stipulated facts shall be introduced into evidence as an exhibit and shall be read to the jury.

6. A detailed statement of contested facts that remain to be litigated at trial.

7. A concise statement of issues of law on which there is agreement.

8. A concise statement of issues of law that remain for determination by the Court.

9. An estimate of the amount of time each Party will require to complete its case. Counsel are expected to provide their estimate after careful consideration of the amount of time necessary for direct, cross and re-direct examination of each witness, in light of the Court's weekly trial schedule, as set forth above.

10. Each Party's estimate of the maximum amount of attorneys' fees properly allowable, if any.

## Joint Proposed Jury Instructions

The Parties shall prepare Joint Proposed Jury Instructions which shall be provided to the Court at the Pretrial Conference. Unilateral submissions shall not be accepted. The document shall be provided in hard copy and e-mailed to **lenard@flsd.uscourts.gov** in WordPerfect format.

The Joint Proposed Jury Instructions shall be prepared as follows:

1. All proposed jury instructions and the proposed verdict form shall be contained in one document.

2. Each proposed jury instruction shall be identified as "disputed" or "undisputed."

3. The portions of any proposed instruction that are undisputed, that is, the portions as to which all Parties are in agreement, shall be printed in plain text.

4. The portions of each instruction proposed by Plaintiff/s, but objected to by Defendant/s, shall be printed in *italics*.

5. The portions of each jury instruction proposed by Defendant/s, but objected to by Plaintiff/s, shall be underlined.

Case No. 16-62497-CIV-LENARD/GOODMAN

6. Following each proposed instruction, whether undisputed or disputed, the Parties shall cite to supporting legal authority or identify the pattern instruction upon which the proposed instruction is based.

7. A Party disputing any part of the proposed instruction shall state the grounds for its objection and shall cite legal authority in support of its position. Such citations shall be exact, i.e., shall include pinpoint citations when appropriate.

8. Photocopies of all cited legal authority cited, that is, all cases, statutes, or secondary sources, shall be attached to the Joint Proposed Jury Instructions.

9. These documents need not be filed with the Court.

### Verdict Forms

The Parties shall prepare a Joint Verdict Form, or each Party may prepare a Verdict Form, which shall be provided to the Court at the Pre-Trial Conference. Documents shall be provided in hard copy and e-mailed to **lenard@flsd.uscourts.gov** in WordPerfect format. Photocopies of all cited legal authority cited, that is, all cases, statutes, or secondary sources, shall be attached to the Verdict Forms. These documents need not be filed with the Court.

### Items Due Five (5) Business Days Prior to Pre-trial Conference

1. **Exhibits**

The Parties shall provide at trial hard copies or original documents of all Exhibits to be introduced into the record and, in addition, may utilize the Courtroom Computer Presentation System (described in further detail below).

2. **Witness Lists**

Five (5) business days before the Pre-Trial Conference, the Parties shall file lists of their trial witnesses and their expert witnesses. Each list shall identify those witnesses whom counsel

Case No. 16-62497-CIV-LENARD/GOODMAN

believes, in good faith, he or she <u>will</u> call in the case.  Counsel shall indicate which witnesses will present live testimony and which will be presented through the reading of depositions or the presentation of deposition videos.  As to the latter types, counsel shall estimate the amount of time required to read or present the deposition testimony.  The Parties shall further provide, as attachments, the CV of each expert witness as well as a brief summary of his or her proposed testimony.

    **3.**    **Trial Exhibit Lists**

.       Five (5) business days before the Pre-Trial Conference, the Parties shall file lists of trial exhibits, other than impeachment exhibits.  Each list shall identify those exhibits which counsel believes, in good faith, he or she <u>will</u> introduce in the case.  The list shall be presented in the form of a chart, employing the following eight (8) columns: exhibit number; title or description of the exhibit; date; basis for an objection, if any; the name of the identifying witness; the name of any additional witness referring to the exhibit; "admit"; and "deny."  The basis for all objections shall be identified by utilizing the codes set forth in Local Rule 16.1(e)(9); the failure to object to an exhibit listed in the chart shall constitute a waiver of said objection.

    **4.**    **Joint Statement of the Case**

Five (5) business days prior to the Pre-Trial Conference, the Parties shall provide a joint statement of the nature of the case for purposes of the Court informing the jury during voir dire.  Said statement shall be no more than 100 words.

**Computer Presentation System**

The Courtroom is equipped with a high-resolution video presenter (ELMO Visual Present

Case No. 16-62497-CIV-LENARD/GOODMAN

HV-5100XG) that may be used by the Parties to assist with the presentation of evidence at trial. The video presenter is connected to screens in the jury box, allowing counsel to display physical exhibits, such as paper documents or three-dimensional objects, while scrolling through or zooming in on specific parts of each exhibit. Also, the video presenter can be connected to counsel's computer, allowing for the presentation of computer-generated images, charts, presentations, or video on the jurors' screens.

At the Pretrial Conference, counsel shall indicate whether he or she wishes to use the video presenter during trial. If so, counsel are encouraged to practice with the presentation system prior to trial. Upon counsel's request and with sufficient advanced notice, the Courtroom Deputy would be available for assistance in this regard.

### Proposed Findings of Fact and Conclusions of Law

In cases tried before the Court, each Party shall file, on or before the first day of trial, proposed findings of fact and conclusions of law. These documents shall be provided in hard copy and e-mailed to **lenard@flsd.uscourts.gov** in WordPerfect format.

### Settlement

If a case is settled, counsel for Plaintiff/s shall inform the Court by calling Chambers and to submit an appropriate Order For Dismissal, pursuant to Fed. R. Civ. P. 41(a)(1) within fourteen (14) days of the date of settlement. Failure to notify the Court of a settlement may result in the imposition of appropriate sanctions.

### Additional Matters

Case No. 16-62497-CIV-LENARD/GOODMAN

1. The Parties and all counsel are reminded of their ongoing duties to comply with the Federal Rules of Civil Procedure and the Local Rules for the Southern District of Florida. Violations of these rules or of an order of the Court may result in the imposition of appropriate sanctions, against the responsible Party or attorney.

2. To the extent this Order conflicts with the Local Rules, this Order supercedes them.

3. Local Rule 7.1(a)(3) requires that, prior to filing a motion in a civil case, the Moving Party shall confer or make a reasonable effort to confer will all Parties or Non-Parties who may be affected by the relief sought in the motion in a good faith effort to resolve by agreement the issues to be raised in the motion. The failure to include a certification of compliance pursuant to Local Rule 7.1(a)(3) may result in the denial of the motion or in the imposition of appropriate sanctions.

4. In accordance with Local Rule 7.1(a)(2) and the rules of this Court, all simple motions shall be accompanied by a proposed order. Failure to provide such an order may result in the denial of the motion.

5. Pursuant to Local Rule 11.1(d)(6), no agreement between the Parties or their counsel, e.g., for extension of time to file a responsive pleading, shall be considered by the Court. Instead, the Party seeking relief shall file a motion with the Court; shall note that the motion is unopposed; and shall prepare a proposed order.

6. Unless an emergency situation arises, a motion for a continuance of trial will not be considered unless it is filed at least thirty (30) days prior to the scheduled trial date. Additionally, the filing of a motion for a continuance of trial shall have no effect on the requirements relevant to the Rule 16.1(d) Meeting.

7. Pursuant to Local Rules 5.1(d) and 7.7, counsel shall not deliver any document, including extra courtesy copies, to Chambers nor address the Court in the form of a letter. Any application requesting relief of any type, citing authorities, or presenting arguments shall be filed with the Court.

8. The body of all filings shall be double-spaced (with the exception of block quotations) and shall be printed in 12 point or larger type in a easily-readable font. All page limitations set forth by the Local Rules shall be observed. Non-compliant filings may be stricken from the record.

**DONE AND ORDERED** in Chambers at Miami, Florida this 26th day of April, 2016.

*[signature: Joan A. Lenard]*

**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**